U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 31 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR HERRERA SANTA CRUZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-734-A |
| | § | (NO. 4:14-CR-020-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Victor Herrera Santa Cruz ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:14-CR-020-A, styled "United States of America v. Victor Herrera Santa Cruz, et al.," the court has concluded that the motion must be dismissed.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On February 2, 2014, movant was named in a one-count indictment charging him and a co-defendant with being illegal aliens in possession of a firearm, in violation of 18 U.S.C. §

922(g)(5). CR Doc.¹ 14. Movant retained an attorney to represent him. CR Docs. 4, 7, 11, and 19.

On March 28, 2014, movant pleaded guilty without benefit of a plea agreement. CR Doc. 27. Movant and his counsel signed a factual resume, which was filed, outlining the elements of the offense, the stipulated facts that proved movant's guilt, and the maximum penalty of ten years' imprisonment. CR Doc. 28. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the PSR was prepared; the court could impose a sentence more severe that the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. The court found that movant was fully competent and capable of entering an informed plea and that his plea of guilty was a knowing an voluntary plea, supported by an

---

¹The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:14-CR-020-A.

2

independent basis in fact containing each of the essential elements of the offense, and that such plea did not result from force, threats, or promises. CR Doc. 58.

On August 1, 2014, the court sentenced movant to a term of imprisonment of 90 months, to be followed by a three-year term of supervised release. CR Doc. 55. Movant appealed and the judgment was affirmed by order filed July 16, 2015. CR Doc. 66. <u>United States v. Santa Cruz</u>, 609 F. App'x 265, 266 (5th Cir. 2015). Movant did not seek rehearing or timely file a petition for writ of certiorari. He first sought certiorari review in March and June 2017 and the United States Supreme Court informed him that his papers were out of time. CR Doc. 67.

II.

Grounds of the Motion

Movant asserts two grounds in support of his motion. First, he alleges that he received a "[m]anifestly excessive sentence that had a blantant [sic] disregard to 3553 factors." Doc.[2] 1 at 5. Second, he says:

> The court appointed attorney was ineffective in his assistance by asserting vigorously that the 3553 sentencing factors were ignored as was determined by Apprendi v New Jersey.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

Furthermore, the counsel promised that the sentence was
going to be 46 months imprisonment if the defendant did
not go to trial.

Doc. 1 at 6.

### III.

### Applicable Legal Principles

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Limitations

A one-year limitation period applies to the filing of a motion to vacate, set aside, or correct sentence. The limitation period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

C. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an

5

objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

A. The Motion is Untimely

Movant does not address the timeliness of his motion. Clearly, § 2255(f)(1) is the only applicable provision. Movant did not timely petition the Supreme Court for a writ of certiorari; therefore, his judgment became final on October 14, 2015. Clay v. United States, 537 U.S. 522, 525 (2003)(for the purpose of starting the clock on the one-year time limit for a motion under 28 U.S.C. § 2255, a judgment of conviction becomes final when the 90 day time period expires for the filing of a petition for certiorari). He did not file the motion under consideration until September 2017, well after the time for doing so had expired. Thus, the motion must be dismissed as time-barred. United States v. Riggs, 314 F.3d 796, 800 (5th Cir. 2002).

B. The Motion is Without Merit

Even if the motion had been timely filed, movant could not prevail. His first ground was raised on appeal and cannot be considered here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Moore, 598 F.2d at 441.

Movant's second ground is conclusory and wholly unsupported.

7

The first sentence does not make any sense. Movant did not have a court-appointed attorney, but in any event, it is difficult to understand what exactly he is arguing. Movant's counsel did vigorously argue on his behalf at sentencing.

As for the second sentence, movant has failed to present the court with anything that would cause the court to conclude that any aspect of this allegation has the slightest merit. For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and

voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of his contention that is at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

To whatever extent movant might be suggesting that his attorney made any representation or promise to him as to the level of imprisonment that might be imposed on him, the testimony given by movant at his rearraignment hearing is direct proof that no such thing occurred.

V.

Order

The court ORDERS that movant's motion under 28 U.S.C. § 2255 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED October 31, 2017.

_____
JOHN McBRYDE
United States District Judge